IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL J. MARKS,** | : | |
| | : | Case No. 2:20-cv-3923 |
| **Plaintiff,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Kimberly A. Jolson |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendation that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's denial of benefits. Upon *de novo* review by the Court, and for the reasons set forth below, Plaintiff's Objections are **OVERRULED**, the Report and Recommendation is **AFFIRMED**, and the Commissioner's determination is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff filed his application for Disability Insurance Benefits on October 25, 2016, alleging that he was disabled beginning September 20, 2016. (ECF No. 12, Tr. 189–96). His application was denied initially and again on reconsideration, following a hearing before the Administrative Law Judge ("ALJ"). (*Id.*, Tr. 8–29). The Appeals Council denied Plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner. (*Id.*, Tr. 1–7). The relevant facts concerning Plaintiff's medical records, as well as the ALJ's opinion, are set forth in the Magistrate Judge's Report and Recommendation. (ECF No. 17 at 1–6).

Plaintiff filed this case on August 3, 2020, seeking review of the Commissioner's decision. (ECF No. 1). The Commissioner supplied the administrative record on December 23, 2020 (ECF No. 12), and Plaintiff responded with his Statement of Specific Errors on March 10, 2021. (ECF No. 15). The Statement of Errors sought reversal on the ground that "the ALJ's evaluation of Dr. Gatton's opinions is not supported by substantial evidence and is inconsistent with the evidence of record." (*Id.* at 8). The Commissioner filed an Opposition on April 26, 2021. (ECF No. 16).

On June 2, 2021, the Magistrate Judge issued a Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner. (ECF No. 17). Plaintiff filed one objection to the Magistrate Judge's findings, asserting again that "the ALJ failed to properly evaluate the opinions of the consultative examiner, Dr. Gatton." (ECF No. 18 at 2). The Commissioner again opposes. (ECF No. 19).

## II. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, a District Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio Jan. 2, 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

The Commissioner's findings are not to be reversed simply because there exists substantial record evidence to support an alternative conclusion. *Buxton v Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III. LAW AND ANALYSIS

Before this Court, Plaintiff asserts only one objection to the Report and Recommendation: that "the ALJ failed to properly evaluate the opinions of the consultative examiner, Dr. Gatton." (ECF No. 18 at 2). Dr. Gatton evaluated Plaintiff on February 3, 2017, following a workplace injury that resulted in a ruptured cervical disc. (ECF No. 12, Tr. 541). Plaintiff sustained the initial injury in September 2016 and underwent a cervical fusion surgery in November 2016. (*Id.*). At the time of Dr. Gatton's evaluation, Plaintiff continued to report chronic neck pain and numbness and weakness in the hands. (*Id.*). Dr. Gatton observed Plaintiff's reduced finger strength, decreased sensitivity in the hands and arms, inability to walk on the heels, and decreased range of motion in the cervical spine. (*Id.*, Tr. 542–43). Based on these observations, Dr. Gatton opined that Plaintiff would be limited in the amount of time spent standing or walking, as well as in the amount of weight carried. (*Id.*, Tr. 543).

The ALJ gave Dr. Gatton's opinions "little weight" in her analysis. (*Id.*, Tr. 22). Specifically, the ALJ noted that Dr. Gatton's evaluation "was performed only a couple months after [Plaintiff's] cervical fusion surgery," and that subsequent treatment records indicated "significant improvement" in the symptoms Dr. Gatton had observed. (*Id.*). The record evidence includes treatment notes for about two years following the examination by Dr. Gatton, which do indicate "significant benefit" resulting from Plaintiff's injection therapy and other treatments. (*Id.*, Tr. 19–20). Of course, the relief was not total, leading the ALJ to find modest limitations

3

appropriate. (*Id.*, Tr. 20). But the later symptoms generally related to the lumbar spine, whereas Dr. Gatton's impressions had concerned the cervical spine. (*Id.*, Tr. 19–20 & 541–43).

Plaintiff responds that the "significant improvement" relied upon by the ALJ was not permanent; rather, "[h]is pain was merely reduced for a period of time after each injection." (ECF No. 18 at 3). But it does not follow that "Dr. Gatton's expert opinions were improperly discredited." (*Id.*). Whether the relief was temporary or not, the treatment notes show objective improvement in gait, ambulation, strength, and sensation—corresponding with the areas in which Dr. Gatton had recommended functional limitations. (ECF No. 12, Tr. 19–20). The ALJ's decision to accord greater weight to the more recent evidence was a logical one, given that Dr. Gatton's evaluation occurred shortly after Plaintiff's surgery and before the most effective therapies had been attempted.

Furthermore, the later improvements in Plaintiff's condition were not the sole reason why Dr. Gatton's opinions received little weight. The ALJ also noted internal inconsistencies in the evaluation, which provide another basis for discrediting it. *See Hanna v. Colvin*, 2014 WL 3749420, at *15 (N.D. Ohio July 30, 2014). Specifically, Dr. Gatton's observations mostly concerned the hands and arms, yet he recommended limitations in standing and walking. (ECF No. 12, Tr. 543). The lower body observations largely were normal; while Plaintiff was unable to walk on his heels, he passed other tests of walking, hopping, and squatting. (*Id.*, Tr. 542). The Magistrate Judge discussed these inconsistencies in her Report and Recommendation (ECF No. 17 at 11), and Plaintiff's Objections do not offer any arguments in response.

In summary, there are at least two sources of substantial evidence to support the ALJ's conclusion: the subsequent treatment notes and the internal inconsistencies in Dr. Gatton's evaluation. Therefore, it is not for this Court to "re-weigh the evidence." *Fitzwater v. Comm'r of*

4

*Soc. Sec.*, 2021 WL 2555511, at *9 (N.D. Ohio June 4, 2021), *report and recommendation adopted*, 2021 WL 2550985 (N.D. Ohio June 22, 2021).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Report and Recommendation and the Commissioner's determination both are **AFFIRMED**.

**IT IS SO ORDERED.**

                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

DATED:  November 16, 2021